NOT DESIGNATED FOR PUBLICATION

No. 120,370

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESUS NEFTALI VAZQUEZ-MATEO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; GRANT D. BANNISTER, judge. Opinion filed May 17, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE AND LEBEN, JJ.

PER CURIAM: Jesus Neftali Vazquez-Mateo appeals the district court's order that made Vazquez-Mateo's sentence for his third conviction for driving under the influence consecutive to the sentence he was serving for his second driving-under-the-influence conviction. Vazquez-Mateo argues that the district court should have made the sentences concurrent with one another.

But whether a defendant should be ordered to serve sentences consecutively (one after the other) or at the same time (concurrently) is a judgment call for the district court to make. We find no abuse of discretion in the district court's decision to order Vazquez-Mateo to serve his new sentence consecutive to his sentence for a prior conviction.

In 2018, Vazquez-Mateo pleaded no contest to driving under the influence, third offense. At sentencing, Vazquez-Mateo's attorney asked the court to order Vazquez-Mateo to serve his sentence concurrent with the sentence he was serving for his second driving-under-the-influence conviction. Vazquez-Mateo explained that he would be deported at the end of his sentence, and he wanted to serve the sentences at the same time so he "could start the immigration [process] sooner [rather] than later" and because there "[wasn't] a benefit . . . to continue serving jail time [in the United States]."

The district court rejected Vazquez-Mateo's request and ordered him to serve his sentence consecutive to the sentence he was serving for his second driving-under-the-influence conviction. The court explained that the sentence was from a "separate . . . offense and has its own set of legal consequences, notwithstanding the . . . immigration issues that are outside of this case." On appeal, Vazquez-Mateo claims the district court erred by ordering him to serve his sentence consecutive to his sentence for his second driving-under-the-influence conviction.

But whether sentences should be concurrent or consecutive is a decision that falls within the district court's discretion. *State v. Jamison*, 269 Kan. 564, 576, 7 P.3d 1204 (2000). So we review the district court's decision in Vazquez-Mateo's case only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Vazquez-Mateo hasn't suggested a factual or legal error, and we conclude that a reasonable person could agree with the district court's decision. This is Vazquez-Mateo's third conviction for driving under the influence, a serious offense. We conclude that a reasonable person could agree with the district court's decision to make Vazquez-Mateo's new sentence consecutive to the one he was already serving for his second driving-under-the-influence conviction. See *State v. Brooks*, No. 118,201, 2018 WL 2073502, at *1

2

(Kan. App. 2018) (unpublished opinion) (finding no abuse of discretion in consecutive DUI sentences); *State v. Angel*, No. 99,901, 2009 WL 929133, at *2 (Kan. App. 2009) (unpublished opinion) (same).

On Vazquez-Mateo's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find no error in its decision to order Vazquez-Mateo to serve his sentences consecutively.

We affirm the district court's judgment.